IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV197 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | MEMORANDUM AND ORDER |
| CORRECTIONAL SERVICES | ) | |
| EMPLOYEES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on initial review. The Court previously granted plaintiff leave to proceed in forma pauperis ("IFP") (Filing No. 7). However, upon further review, and for the reasons discussed below, plaintiff may not proceed IFP in this matter unless he shows good cause.

Pursuant to the Prison Litigation Reform Act, a prisoner cannot:

> [B]ring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. §1915(g). Plaintiff, while incarcerated, brought the following three cases that were dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994):

- *Hillard v. Chilen*, Case No. 8:09CV162 (D. Neb.), dismissed pursuant to *Heck* on July 1, 2009.

- *Hillard v. Korslund*, Case No. 8:09CV183 (D. Neb.), dismissed pursuant to *Heck* on December 14, 2009.

- *Hillard v. Jefferson County Law Enforcement Center*, Case No. 4:09CV3225 (D. Neb.), dismissed pursuant to *Heck* on December 30, 2009.

Cases dismissed pursuant to *Heck* count as strikes under the "three strikes" provision of 28 U.S.C. § 1915(g). *Armentrout v. Tyra*, No. 98-3161, 1999 WL 86355, at *1 (8th Cir. 1999); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1311-12 (10th Cir. 2011) (holding that the dismissal of a civil rights suit pursuant to *Heck* is a dismissal for failure to state a claim upon which relief may be granted); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (stating that a § 1983 claim which falls under the rule in *Heck* is legally frivolous). Accordingly, plaintiff has until October 19, 2011, to show cause why this matter should not be dismissed pursuant to 28 U.S.C. §1915(g). Alternatively, plaintiff may pay the full $350.00 filing fee no later than October 19, 2011. In the absence of good cause shown or the payment of the full filing fee, this matter will be dismissed without further notice.

IT IS ORDERED:

1) Plaintiff has until October 19, 2011, to either show cause why this case should not be dismissed pursuant to [28 U.S.C. §1915(g)](#) or pay the full $350.00 filing fee. In the absence of either action by plaintiff, this matter will be dismissed without further notice.

2) The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: October 19, 2011: Deadline for plaintiff to show cause or pay full filing fee.

DATED this 29th day of September, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.